————o————

## No. 6068.

## FRANK ALTMEYER vs. ADRIAN HAVA AND WIFE.

### Syllabus.

Property purchased during the marriage forms part of the community property, whether the title be taken in the name of the husband or of the wife or of both. But this presumption may be rebutted.

When the act of sale to the wife declares that the price was paid with money of the wife, and when the husband joins in that declaration, and when the wife swears that she paid both the cash and the credit portions with the money donated to her, and when her testimony is corroborated by her own checks corresponding in amount with the capital and interest of the credit portions, the presumption of the law will have been rebutted and the property declared to be the separate property of the wife.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 105,812. Hon. E. K. Skinner, Judge.

F. W. Hart, for plaintiff and appellant.

E. P. Foley, for defendant and appellee.

— 229 —

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff avers that he is a judgment creditor of the defendant Adrian Hava in the sum of $132.32; that by an act of sale dated February 8th, 1894, it appears that the said property No. 1459 Annunciation Street was purchased from Dr. C. A. Gaudet in the name of Marie Ernestine Chavigny, wife of Ardian Hava; that it was declared in said act that said property was purchased by the wife with her own separate and paraphernal funds, while the truth is that the purchase price was paid with funds belonging to the community, and the property is community, and the prayer is that said property be subjected to the payment of plaintiff's judgment.

The answer of the wife asserts the truth of the declaration of the act of sale.

The husband filed no answer.

There was judgment for defendants and plaintiff has appealed.

The act of sale shows that the price was $4,800.00 of which $1,600.00 were paid cash, and the balance in two notes of the wife of $1,600.00 each, payable at one and two years after date, with 7% interest from date. The act further recites:

"And the said purchaser the said Mrs. Hava, here declared that she makes the present purchase with her own funds, under her separate administration and individual control, said funds being derived from gifts of money to her by her parents, and that she pays and will pay, the price of said property exclusively and entirely out of said funds; and that therefore, said property, shall be and remain her own separate and paraphernal property. And the said Adrian Hava declares and acknowledges that said

— 230 —

declaration is true and approves and fully concurs in the same."

Mrs. Hava testifies that the cash portion of the price was given to her by her father and mother, and that her mother gave her the money to pay the notes; that her mother would borrow the money to give her when she had none to give. She also testifies, and it is admitted, that Mrs. Hava drew a check of $1,712.00 to pay the note at one year in capital and interest. She also produces another check dated January 11th, 1896, drawn by her to the order of Alphonse Baudean for the sum of $1,824.00 to pay for the note of two years in capital and interest, and she produces both notes. She swears that her husband never contributed any money towards the payment of the property.

Mrs. Hava's mother testifies that she often gave her daughter money. The fact that she subscribed an affidavit some years afterwards stating that neither she nor her husband had contributed any money towards the payment of the property is explained by her; and, at best, can only affect her credibility.

Mrs. Hava is corroborated by C. H. Baudean, Mrs. Emily Claude and Mrs. J. G. Lacroix.

No attempt was made to use Adrian Hava as a witness, and plaintiff relies exclusively upon the presumption of the law.

We think that defendant, Mrs. Hava, rebutted the presumption when she testified that her husband had not contributed towards the payment of the property, that she paid the whole price, the cash and the credit portion, with money given her by her father and mother, and when she corroborated her statement by the production of two checks and the notes. We are confirmed in this

conclusion by the opinion of the Judge of the lower Court who heard the witnesses.

Judgment affirmed.

Opinion and decree, April 6th, 1914.

Rehearing refused, May 4th, 1914.

Writ denied, June 9th, 1914.